# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3905

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Lafayette J. Trotter, Jr. | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 13, 2003

Filed:  May 22, 2003

_____

Before WOLLMAN and BEAM, Circuit Judges, and NANGLE,[1] District Judge.

_____

PER CURIAM.

After pleading guilty to conspiracy to possess with intent to deliver methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Lafayette Trotter, Jr., appeals the sentence imposed by the district court.[2]  The court increased Trotter's base offense level for possession of a firearm and for being a manager or supervisor,

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

and sentenced him to 360 months' imprisonment. Trotter argues that the district court erred in considering the government's version of the offense set forth in the Presentence Investigation Report (PSI) when increasing his offense levels. Trotter also claims the district court miscalculated his criminal history points. We disagree.

We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error. United States v. Rohwedder, 243 F.3d 423, 435 (8th Cir. 2001). The district court's decision to credit a witness's testimony is "virtually unreviewable on appeal." United States v. Sarabia-Martinez, 276 F.3d 447, 450 (8th Cir. 2002).

Trotter's claims regarding the PSI are misplaced. Trotter objected to portions of the PSI, and a sentencing hearing was conducted on the disputed portions of the report. At this hearing, the district court credited the testimony of the investigator from the county sheriff's office who had interviewed several witnesses attesting to the fact that Trotter possessed a gun during the course of activities related to the conspiracy. The same investigator testified that several people had performed tasks at Trotter's direction in furtherance of the conspiracy. The district court did not clearly err with regard to these factual findings.

Nor did the district court miscalculate Trotter's criminal history points. We have reviewed the record and find no merit to Trotter's argument that the district court improperly used outdated convictions or counted the same offense twice for purposes of the criminal history calculation. We therefore affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-